IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| OREGON ENTERTAINMENT CORPORATION, an Oregon corporation, | ) ) ) | Civil No.03-1432-JE |
| Plaintiff, | ) ) | |
| v. | ) ) | FINDINGS AND RECOMMENDATION |
| THE CITY OF BEAVERTON, an Oregon corporation, | ) ) ) ) | |
| Defendant. | ) ) | |

    Bradley J. Woodworth
    Attorney at Law
    1020 S.W. Taylor, Suite 360
    Portland, OR 97205
        Attorney for Plaintiff

    Richard J. Kuhn
    Hoffman, Hart & Wagner, LLP
    Twentieth Floor
    1000 S.W. Broadway
    Portland, OR 97205
        Attorney for Defendant

JELDERKS, Magistrate Judge:

FINDINGS AND RECOMMENDATION - 1

Plaintiff Oregon Entertainment Corp. brings this action against defendant City of Beaverton, alleging that defendant violated its procedural due process rights when defendant denied plaintiff's application to operate its adult entertainment business 24 hours per day.

Plaintiff moves for partial summary judgment on its due process claims. Defendant moves for summary judgment on all claims. I recommend granting defendant's motion, denying plaintiff's motion, and declining to exercise supplemental jurisdiction over plaintiff's state law claim.

## BACKGROUND

In 1999, plaintiff sought a conditional use permit to operate 24 hours per day. Defendant rejected plaintiff's application. Defendant's decision was upheld by the Land Use Board of Appeals and by the Oregon Court of Appeals. Oregon Entertainment Corp. v. City of Beaverton, 172 Or. App. 361, 19 P.3d 918 (2001).

In 2003, plaintiff again applied for a permit to remain open 24 hours. Defendant's Planning Commission approved plaintiff's application. However, a citizen appealed the approval to the City Council. After a hearing on September 15, 2003, the City Council upheld the citizen's appeal by a 3-2 vote and denied the conditional use permit.

**DISCUSSION**

**I. Procedural Due Process Claims Under § 1983**

Plaintiff has dropped its federal civil rights claims for alleged violations of equal protection and substantive due process rights. Plaintiff's remaining due process claims concern (1) defendant's failure to allow plaintiff to cross-examine opposing witnesses at the September 15, 2003 hearing; (2) defendant's failure to allow plaintiff additional rebuttal time at the hearing; and (3) defendant's alleged bias against plaintiff.

**A. Plaintiff Has No Property Interest at Stake**

Defendant raises a threshold issue, arguing that plaintiff has no constitutionally protected property interest in a conditional use permit because the City Council has broad discretion to deny such permits.

> A constitutionally protected property interest results "from a legitimate claim of entitlement . . . defined by existing rules or understandings that stem from an independent source" such as a statute. Whether a statute creates a property interest depends largely upon the extent to which the statute limits an agency's discretion in denying a license to an applicant who meets the minimum requirements.

Groten v. California, 251 F.3d 844, 850 (9th Cir. 2001) (footnotes omitted) (quoting Board of Regents v. Roth, 408 U.S. 564, 577 (1972); citing Jacobson v. Hannifin, 627 F.2d 177, 180 (9th Cir. 1980)).

FINDINGS AND RECOMMENDATION - 3

Here, the governing regulations give defendant wide discretion in deciding whether to grant a conditional use permit. Plaintiff's business is in a Community Service District, which permits businesses to operate between 7 a.m. and 10 p.m. However, businesses wishing to stay open between 10 p.m. and 7 a.m. must obtain a conditional use permit. Defendant's Development Code (Code) provides that the defendant "may" (<u>not</u> shall) permit such uses. Kuhn Aff., Ex. B, at 5 (Code at § 20.10.05.2.B). The Code defines an application for a conditional use permit as subject to a "Type 3 procedure," which "typically involves an application that is subject to criteria that require the exercise of substantial discretion." <u>Id.</u> at 17 (Code at § 50.15.1.C). "The conditional use review provides an opportunity to allow uses when there are minimal impacts, to allow the use but impose conditions specifying mitigation measures to address identified impacts, or to deny the use if the impacts are substantial and the impacts cannot be mitigated." <u>Id.</u> at 7 (Code at § 40.15.05).

The City Council rejected plaintiff's application based on the following factor: "The location, size and functional characteristics of the proposal are such that it can be made reasonably compatible with and have a minimal impact on livability and appropriate development of properties in the surrounding area of the subject site." <u>Id.</u> at 16 (Code at

FINDINGS AND RECOMMENDATION - 4

§ 40.15.15.4.C.5). This factor includes inherently subjective conditions, such as whether a proposed use is "reasonably compatible" with, or will have a "minimal impact" on, "livability." I agree with defendant that the City Council has sufficient discretion in deciding whether to grant a conditional use permit that plaintiff has no protected property interest.

   **B.   Failure to Allow Cross-Examination**

I will address the merits of plaintiff's procedural due process claims, although the following discussion is moot if the court adopts the recommendation that plaintiff lacks a protected property interest.

Defendant did not allow plaintiff's attorney to cross-examine opposing witnesses at the hearing on the conditional use permit. Plaintiff contends that the failure to allow cross-examination violated its procedural due process rights.

Oregon law does not require that applicants be allowed cross-examination during hearings on conditional use permits. See Clinkscales v. City of Lake Oswego, 47 Or. App. 1117, 1123, 615 P.2d 1164, 1168 (1980) (denial of cross-examination did not violate applicant's due process rights when applicant was "given ample opportunity to present his own evidence and to rebut the adverse evidence"). Any such requirement must be based on federal law. Procedural due process requires that a party affected by government action receive "the opportunity

FINDINGS AND RECOMMENDATION - 5

to be heard at a meaningful time and in a meaningful manner." Mathews v. Eldridge, 424 U.S. 319, 333 (1976).

Here, neither party has cited Ninth Circuit authority directly on point. Defendant cites decisions from the First, Fourth, and Tenth Circuits holding that failure to allow cross-examination during zoning hearings does not violate an applicant's procedural due process rights. See Chongris v. Board of Appeals of Town of Andover, 811 F.2d 36, 40-41 (1st Cir. 1987); Williams v. District of Columbia, 906 F.2d 994, 996 (4th Cir. 1990) (denial of cross-examination did not violate procedural due process when applicant "was represented by counsel and permitted to present extensive evidence"); Landmark Land Co. of Oklahoma, Inc. v. Buchanan, 874 F.2d 717, 724 (10th Cir. 1989) (building permit proceeding not required to provide "adversarial trappings" of judicial hearings), abrogated on other grounds, Federal Lands Legal Consortium ex rel. Robart Estate v. United States, 195 F.3d 1190, 1195 (10th Cir. 1999). I agree with the reasoning of these decisions and recommend ruling that defendant's failure to allow cross-examination under these circumstances did not violate plaintiff's procedural due process rights.

**C. Failure to Allow Additional Rebuttal Time**

Plaintiff contends that defendant violated its procedural due process rights by allowing it only five minutes to rebut adverse witnesses, who apparently testified for about an hour.

FINDINGS AND RECOMMENDATION - 6

Plaintiff contends that it had no notice of allegations about declining property values and higher vacancy rates in commercial properties adjacent to plaintiff's business. Defendant responds that plaintiff was able to anticipate and address the adverse testimony in plaintiff's direct testimony.

First, it appears that plaintiff did not request a continuance or request leave to keep the record open so that it could further respond to evidence presented at the hearing. The applicable statute appears to allow permit applicants such continuances as of right. Or. Rev. Stat. § 197.763(6). I conclude that plaintiff's failure to request a continuance should be construed as a waiver of this argument.

Even if plaintiff did not waive this argument by failing to seek a continuance, I agree with defendant that plaintiff has not shown a due process violation based on limited rebuttal testimony. Plaintiff has not shown that it was unfairly prejudiced at the hearing by unanticipated or new evidence, and plaintiff had an adequate opportunity to submit its evidence during its own presentation to the City Council.

### D. Bias

Defendant seeks summary judgment on plaintiff's claim of bias, contending that no factfinder could determine that the City Council was so biased against plaintiff as to violate plaintiff's procedural due process rights. "The Ninth Circuit

has recognized that a plaintiff may base a Section 1983 claim on the government's infringement of a citizen's 'right to an unbiased tribunal.'" Lumbreras v. Roberts, 319 F. Supp. 2d 1191, 1209-10 (D. Or. 2004) (quoting Stivers v. Pierce, 71 F.3d 732, 741 (9th Cir. 1995)). To prevail on a claim of bias, the plaintiff must overcome the presumption that the decision-makers acted with honesty and integrity. Id. The plaintiff must show at least that the decision-makers reasonably appeared to have prejudged an issue. Id.

Here, plaintiff bases its claim on comments made by the Mayor of the City of Beaverton at the conditional use permit hearing. The Mayor did not actually vote on the permit, but I will assume for purposes of this motion that the Mayor's statements could have influenced the City Council.

At the hearing, the Mayor suggested that the police department could provide the City Council with quarterly reports on any criminal activity associated with plaintiff's business. The Mayor noted that City used a similar procedure for another business, which in that case revealed that the neighborhood's fears of increased crime were unjustified.

Without quoting the transcript here,[1] I agree with defendant that the Mayor's comments are insufficient as a matter of law to show bias. Plaintiff has not presented

---

[1]Defendant quotes the relevant portions of the transcript at pages 5-6 of its reply brief.
FINDINGS AND RECOMMENDATION - 8

evidence that any of the Council members who actually voted on the permit were biased.

If plaintiff's evidence of bias could be considered sufficient to survive summary judgment, then almost any applicant whose permit was denied would have a federal claim for denial of due process. I recommend granting defendant's motion for summary judgment on plaintiff's bias claim.

**II. State Law Claim**

Plaintiff brings a claim based on Or. Rev. Stat. § 197.830, seeking an on-the-record review of the City Council's decision to deny the conditional use permit. This court should not exercise supplemental jurisdiction over this claim.

The court has discretionary authority under 28 U.S.C. § 1367(c) to decline to exercise jurisdiction under these circumstances. "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of the factors to be considered under the pendent jurisdiction doctrine--judicial economy, convenience, fairness, and comity--will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988). To resolve plaintiff's state law claim, this court would be required to review the merits of the City Council's decision. Federal courts "were not created to be the Grand Mufti of local zoning

FINDINGS AND RECOMMENDATION - 9

boards nor do they sit as super zoning boards or zoning boards of appeals." <u>Carpinteria Valley Farms, Ltd. v. County of Santa Barbara</u>, 344 F.3d 822, 832 n.5 (9th Cir. 2003) (quotation marks and citations omitted).

## CONCLUSION

Defendant's motion for summary judgment (#27) should be granted and plaintiff's motion for partial summary judgment (#56) should be denied. The court should decline to exercise supplemental jurisdiction over plaintiff's state law claim. A final judgment should be entered dismissing the case.

## SCHEDULING ORDER

The above Findings and Recommendation are referred to a United States District Judge for review. Objections, if any, are due March 14, 2005. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

A party may respond to another party's objections within 10 days after service of a copy of the objection. If objections are filed, review of the Findings and Recommendation will go under advisement upon receipt of the response, or the latest date for filing a response.

DATED this 24th day of February, 2005.

/s/ John Jelderks
John Jelderks
U.S. Magistrate Judge