IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

OREGON ENTERTAINMENT CORPORATION,

    Plaintiff,                                CV 03-1432-JE

    v.

                                                      ORDER

THE CITY OF BEAVERTON,

    Defendant.
_____

HAGGERTY, Chief Judge:

    Magistrate Judge Jelderks issued a Findings and Recommendation in this action (Doc. #70), in which the Magistrate Judge recommended granting defendant's Motion for Summary Judgment (Doc. #27), and denying plaintiff's Motion for Partial Summary Judgment (Doc. #56). The Magistrate Judge also recommended declining to exercise supplemental jurisdiction over plaintiff's state law claim and entering a final judgment dismissing this action. On March 28, 2005, the matter was referred to this court.

When a party objects to any portion of a magistrate judge's Findings and Recommendation, the district court must conduct a *de novo* review of that portion of the magistrate judge's report. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach. Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

The court has given the file of this case a *de novo* review, and has also carefully evaluated the Magistrate Judge's Findings and Recommendation, the objections, and the entire Record. The Judge's reasoning and recommendations are sound, correct, and entitled to adoption.

## FACTUAL BACKGROUND

Plaintiff operates an adult entertainment store. In 1999, it sought a conditional use permit from defendant City of Beaverton (defendant or the City) to operate twenty-four hours per day. Plaintiff's application was rejected by defendant, a decision that was upheld by the Land Use Board of Appeals and by the Oregon Court of Appeals. *See Or. Ent't Corp. v. City of Beaverton*, 19 P.3d 918 (Or. App. 2001). In 2003, plaintiff applied again for a permit to operate on an around-the-clock basis. Defendant's Planning Commission approved the application. However, a citizen appealed, and, after a hearing held on September 15, 2003, the City Council upheld the citizen's appeal and denied the conditional use permit.

The zone in which plaintiff operates allows commercial uses to be conducted between 7 a.m. and 10 p.m., but requires a conditional use permit to operate between 10 p.m. and 7 a.m. Among the approval criteria that an applicant must satisfy to obtain a conditional use permit is a finding that the "location, size, design, and functional characteristics of the proposed use are such that it can be made reasonably compatible with and have a minimum impact on the livability and appropriate development of other properties in the surrounding neighborhood." Beaverton City

Development Code § 40.05.15.2.C.3. Even if an applicant satisfies these requirements, the City has discretion to deny the issuance of the permit. *Id.* at §§ 20.10.05.2.B, 50.15.1.C.

At the September 15, 2003, hearing, the City Council heard evidence that, in another zone in the city, criminal activities occurred regularly in the vicinity of other adult businesses that operated twenty-four hours per day. Evidence was also presented by at least one other local business that allowing plaintiff to operate twenty-four hours per day would severely negatively impact its business. In denying the conditional use permit, the City Council found substantial evidence that:

> [P]roblems are likely to occur if [plaintiff] is allowed to operate on a 24-hour basis.
>
> . . . .
>
> [T]he Council concludes that plaintiff] has failed to establish that the location, size, design, and functional characteristics of the proposed use are such that it can be made reasonably compatible with and have a minimum impact on the livability and appropriate development of other properties in the surrounding neighborhood.

*Or. Ent't Group*, 19 P.3d at 920.

## ANALYSIS

After dropping its federal civil rights claims, plaintiff proceeded before the Magistrate Judge under 42 U.S.C. § 1983, asserting that defendant violated plaintiff's due process rights by failing to allow plaintiff to cross-examine opposing witnesses at the September 15, 2003, hearing, failing to allow plaintiff additional rebuttal time, and allowing bias on the part of the mayor and council members to influence defendant's decision. The Magistrate Judge found that because plaintiff had no property interest at stake, defendant was within its rights to deny the conditional use permit. Alternatively, the Magistrate Judge found that even if plaintiff had a protected

property interest, plaintiff had failed to show that its procedural due process rights were violated at the hearing. Because the court agrees with the Magistrate Judge that plaintiff does not have a protected property interest in obtaining the conditional use permit, it is unnecessary to address the merits of plaintiff's due process claim.

The Fourteenth Amendment's guarantee of procedural due process applies when a constitutionally protected liberty or property interest is at stake. *Bd. of Regents v. Roth*, 408 U.S. 564, 569 (1972). An interest in property arises only when there exists a legitimate claim of entitlement, rather than an abstract need or desire for the particular benefit. *Id.* at 577. Laws, rules, or understandings derived from independent sources, such as a statute, create such claims of entitlement. *Id.* "Whether a statute creates a property interest depends largely upon the extent to which the statute limits an agency's discretion in denying a license to an applicant who meets the minimum requirements." *Groten v. California*, 251 F.3d 844, 850 (9th Cir. 2001) (citation and footnote omitted).

In this case, the governing regulations grant wide discretion to defendant to decide whether to issue a conditional use permit to an applicant. The procedure involved in obtaining such a permit "typically involves an application that is subject to criteria that require the exercise of substantial discretion." Beaverton City Development Code § 50.15.1.C. Thus, because the governing regulations accord significant latitude to the City, plaintiff had no legitimate claim of entitlement to the permit even if it met all the prerequisites. *See Groten*, 251 F.3d at 850.

//

//

//

**CONCLUSION**

4    - ORDER

The court adopts Judge Jelderks' Findings and Recommendation (Doc. #70). Defendant's Motion for Summary Judgment is GRANTED (Doc. #27), and plaintiff's Motion for Partial Summary Judgment (Doc. #56) is DENIED. The court declines to exercise supplemental jurisdiction over plaintiff's state law claim. This case is dismissed with prejudice.

IT IS SO ORDERED.

Dated this __11__ day of April, 2005.

                                                                /s/Ancer L.Haggerty

                                                                Ancer L. Haggerty
                                                United States District Judge